IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-449-BO

| | |
|---|---|
| CAROLINA POWER & LIGHT COMPANY, d/b/a PROGRESS ENERGY CAROLINAS INC., *et al.*, </br></br>Plaintiffs,</br></br>v.</br></br>ASPECT SOFTWARE, INC., & BELLSOUTH COMMUNICATIONS SYSTEMS, LLC,</br></br>Defendants. | ORDER |

This matter is before the Court on Cross-Motions for Summary Judgment by Plaintiffs and Defendant BellSouth Communications Systems, LLC ("BellSouth") and Defendant Aspect Software's ("Aspect") Motion for Judgment. For the reasons set forth herein, the Cross-Motions for Summary Judgment are DENIED and Aspect Software's Motion for Judgment is DENIED.

## INTRODUCTION

In 2007, the Plaintiffs settled a patent infringement suit brought by Katz Technology Licensing ("Katz"). The Katz suit alleged that automated call center systems used by the Plaintiffs in North Carolina and Florida infringed on several of Katz's patents. Rockwell International ("Rockwell"), the predecessor in interest to Aspect, installed the call center systems used by the Plaintiffs in North Carolina. Rockwell, acting as a subcontractor for BellSouth, also installed the Automated Call Distributor ("ADC") component of Plaintiffs' automated call center

systems in Florida.

Plaintiffs filed their Motion for Partial Summary Judgment on October 29, 2009. BellSouth filed its Motion for Summary Judgment on Plaintiffs' breach of contract claims on January 29, 2010. A hearing on these Motions was held in Raleigh, North Carolina, on April 26, 2010. On July 30, 2010, Aspect filed its Motion for Judgment to have this Court's prior Order granting summary judgment on BellSouth's cross-claims against Aspect reduced to a judgment for appeal. These Motions are ripe for ruling.

## DISCUSSION

A district court should grant summary judgment where there are no genuine issues of material fact for trial. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-223 (1986). The moving party has the initial burden of establishing the lack of a genuine issue as to any material fact, and if that burden is met, the party opposing the motion must "go beyond the pleadings" and come forward with evidence of a genuine factual dispute. *Celotex*, 477 U.S. at 324. The court must view the facts and the inferences drawn from the facts in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986), however, conclusory allegations and unsupported speculation are not sufficient to defeat a motion for summary judgment. *Cf. Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir.1987). Rule 56(c) requires the court to enter summary judgment if the party opposing the motion "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

**I. Plaintiffs' Motion for Partial Summary Judgment and BellSouth's Motion for Summary**

## Judgment on Plaintiffs' Breach of Contract Claims.

The relevant indemnification term in the contract between Plaintiffs and BellSouth states that "Contractor [BellSouth] agrees that it will defend at its own expense, all suits against CP&L for infringement of any copyright, trade secret, or U.S. patent or patents, or other third party proprietary right, covering or alleged to cover said product in the form furnished by Contractor ..." This term memorializes the familiar rule that the duty to defend arises where the complaint alleges facts that would fall within the risk covered by the indemnification agreement. *See Penn. Nat. Mut. Cas. Ins. Co. v. Associated Scaffolders and Equip., Co.*, 579 S.E.2d 404, 406 (N.C. 2003); *Resource Bankshares v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 636 (4th Cir. 2005), *cert. denied*, 546 U.S. 978 (2005).

Thus, this Court must compare the indemnification agreement and the underlying complaint side-by-side to determine if the Plaintiffs could be liable for any judgment. Because the indemnification provision applies to the "product in the form furnished by Contractor," this determination will turn on whether the products provided by BellSouth arguably fall within the scope of the Katz Complaint. Paragraph 45 of the Katz Complaint alleges that:

> On information and belief, the Progress Energy Defendants use infringing call processing systems to offer automated customer service to their customers. Using an automated system, in some instances, in connection with operators, the Progress Energy Defendants allow their customers to access account information; check account balances and payment status; make a payment on an account; obtain the date of the next scheduled meter-reading; report an electricity outage or emergency; and perform various other functions.

There is no dispute that the North Carolina and Florida call centers perform these tasks identified in this paragraph. Rather, BellSouth argues the specific component of the call center that it installed - the Automated Call Distributor ("ACD") - does not by itself infringe on Katz's

patents. This Court concludes that whether and to what extent this component arguably infringes on the Katz patents is a genuine issue of material fact. Moreover, because BellSouth did not install the entire system, it may also become necessary to resolve the factual issue of what portion of the underlying defense and settlement that BellSouth is obligated to pay. Therefore, Plaintiffs' and BellSouth's Cross-Motions for Summary Judgment are DENIED.

**II. Aspect Software's Motion for Judgment**

This Court previously concluded that Aspect owes a duty to indemnify BellSouth to the extent of BellSouth's obligations to the Plaintiffs. Aspect now moves to have this determination reduced to a judgment for appeals. But because the extent of Aspect's liability depends on the extent of BellSouth's liability, an entry of judgment pursuant to Rule 54(b) would be premature at this time. As such, Aspect's Motion for Judgment is DENIED.

CONCLUSION

Therefore, Plaintiffs' Motion for Summary Judgment is DENIED; BellSouth's Motion for Summary Judgment is DENIED; and Aspect Software's Motion for Judgment is DENIED.

SO ORDERED, this __8__ day of August, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE